JS - 6

cc: Superior Court of California
    Santa Barbara County
    Anacapa Division
    case no. 1385417

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Howard Rose and M. Cynthia Rose,<br><br>                Plaintiffs,<br><br>   v.<br><br>Aurora Bank, FSB and Does 1-20,<br><br>              Defendants. | CV-12-3187-RSWL (RZx)<br><br>**ORDER re: Defendant's Motion to Dismiss Plaintiffs' Complaint [7]** |

On June 12, 2012, Defendant Aurora Bank, FSB's ("Defendant") Motion to Dismiss Plaintiffs' Complaint came on for regular calendar before the Court.  Having reviewed all arguments and papers submitted pertaining to this Application, the Court **NOW FINDS AND RULES AS FOLLOWS**:

The Court hereby **GRANTS** Defendant's Motion to Dismiss as to Plaintiffs Howard Rose and M. Cynthia Rose's ("Plaintiffs") Fair Debt Collection Practices Act ("FDCPA") claim because Plaintiffs have not opposed

1

1   the dismissal of this claim.

2        The Court finds that the dismissal of the FDCPA

3   claim, the only federal claim in this Action, destroys

4   the Court's subject matter jurisdiction.  Because only

5   a state claim remains, the Court no longer has federal

6   question jurisdiction over this Action.  Therefore,

7   only diversity jurisdiction may be a basis for the

8   Court's subject matter jurisdiction.  However, the

9   Court finds that the amount in controversy requirement

10  for diversity jurisdiction under 28 U.S.C. § 1332(a) is

11  not met here.  Specifically, Plaintiffs' Complaint was

12  filed in state court as a "Limited" jurisdiction case,

13  meaning that the amount demanded is $25,000 or less.

14  In addition, the prayer for relief requests only

15  "actual damages to be proven at trial," costs,

16  attorney's fees, and statutory damages of $2,000.  And

17  finally, the caption of Plaintiffs' Complaint states in

18  bold "Limited – Under $10,000."  Thus, the Court finds

19  that Defendant cannot show that the amount in

20  controversy exceeds $75,000 here.

21       Defendant attempts to argue in its Notice of

22  Removal that the value of the object of the litigation,

23  the $300,000 loan to Plaintiffs, satisfies the amount

24  in controversy requirement.  Defendant cites to case

25  law that holds: "In actions seeking declaratory or

26  injunctive relief, it is well established that the

27  amount in controversy is measured by the value of the

28  object of the litigation."  Cohn v. Petsmart, 281 F.3d

1 | 837, 840 (9th Cir. 2002) (quoting <u>Hunt v. Wash. State</u>
2 | <u>Apple Adver. Comm'n</u>, 432 U.S. 333, 347 (1977)).
3 | However, this theory is not applicable here since
4 | Plaintiffs do not seek declaratory or injunctive
5 | relief.  Therefore, the Court finds that it does not
6 | have subject matter jurisdiction pursuant to federal
7 | question or diversity jurisdiction.
8 |      Accordingly, the Court hereby **DISMISSES** Plaintiffs'
9 | FDCPA claim and **REMANDS** this Action to the Superior
10 | Court of California.
11 |
12 | **IT IS SO ORDERED.**
13 | DATED: June 19, 2012
14 |
15 |                              RONALD S.W. LEW
16 |                          **HONORABLE RONALD S.W. LEW**
17 |                          Senior, U.S. District Court Judge

3